## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BARBARA STONE, ROBERT SARHAN**,

Plaintiffs,

v.

**DONALD J. TRUMP, *et al*.**

Defendants.

Case No. 1:21-cv-00752 (CRC)

## MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion for Order (ECF No. 25) and certain defendants' Motions to Dismiss (ECF Nos. 5, 7, 11, 12, 14, 18, 19). For the reasons discussed below, the Court will deny the Motion for Order, which the Court construes to be a motion for recusal, and grant the Motions to Dismiss.

Plaintiffs' Motion for Order seeks the "disqualification of disqualified color of law judge." Mot. for Order at 6. The Court construes this as a motion for recusal. Recusal is required under 28 U.S.C. § 455 if "a reasonable and informed observer would question the judge's impartiality," and under 28 U.S.C. § 144 if a judge "has a personal bias or prejudice either against or in favor of a party," id. (quoting § 144). United States v. Williamson, 903 F.3d 124, 137 (D.C. Cir. 2018) (cleaned up). Plaintiffs provide no basis for recusal under either section. Instead, plaintiffs baldly assert that the undersigned is engaged in a variety of criminal conduct, including "murder, human trafficking and pillaging," as well as "stalk[ing], harass[ing], and tortur[ing]" plaintiffs. Mot. for Order at 6-7, 9. "The grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." United States v. Nixon, 267 F. Supp. 3d 140, 147 (D.D.C.

2017) (cleaned up).  Here, plaintiffs present nothing more than incredulous claims lacking any basis or factual support.  Accordingly, the Motion is denied.

As to the Motions to Dismiss, the Court has advised plaintiffs of their duty to oppose these motions on multiple occasions.  First, on March 26, 2021, the Court instructed plaintiffs to respond to defendants' motions to dismiss by April 16, 2021.  That order instructed plaintiffs that failure to respond could lead the Court to deem the motions to be conceded and to dismiss the complaint as to those defendants.  Order, ECF No. 10.  The Court issued similar orders providing the same instruction following every subsequent motion to dismiss.  See March 30, 2021, Order, ECF No. 13 (directing plaintiffs to respond to Motions to Dismiss, ECF Nos. 11, 12, otherwise matter may be deemed conceded); March 31, 2021, Order, ECF No. 15 (same as to ECF No. 14 Motion to Dismiss); June 4, 2021, Order, ECF No. 22 (same as to ECF Nos. 18, 19 motions to dismiss).  Additionally, on June 4, 2021, the Court ordered plaintiffs to show cause by June 18, 2021, why the motions to dismiss should not be granted pursuant the Court's Orders.

Despite these instructions, plaintiffs have filed no opposition.  Instead, plaintiffs filed their Response to the Court's Order of Mach 31, 2021, which contested the removal of this action to federal court.  This Court denied that motion on June 4, 2021.  See June 4, 2021, Min. Order.  Additionally, plaintiffs filed their Motion for Mediation, ECF No. 23, which the Court struck as an amended complaint filed without a corresponding motion to amend.  Meanwhile, Defendants' various motions to dismiss have been pending upwards of twenty weeks absent any response from plaintiffs.

Accordingly, the Court hereby deems the motions to dismiss to be conceded.  These motions are hereby grants and this case is dismissed as to those defendants.

Furthermore, Defendants' Motions for Ruling on the Motion to Dismiss (ECF Nos. 28.

29) are DENIED as moot.

A separate Order shall accompany this memorandum opinion.


_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  <u>September 15, 2021</u>